

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2008

# Lukas v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2019

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lukas v. Atty Gen USA" (2008). *2008 Decisions.* Paper 394.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/394

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2019

———————

FNU LUKAS,
                                   Petitioner

v.

ATTORNEY GENERAL USA,
                                   Respondent

———————

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A96-263-785
Immigration Judge: Charles M. Honeyman

———————

Submitted Under Third Circuit LAR 34.1(a)
May 8, 2008

———————

Before: BARRY, STAPLETON, Circuit Judges, and RESTANI,* Judge

(Opinion Filed: October 8, 2008)

———————

OPINION

———————

BARRY, Circuit Judge

    Petitioner Fnu Lukas seeks review of the order of the Board of Immigration

———————

    * Honorable Jane A. Restani, Chief Judge, United States Court of International Trade,
sitting by designation.

Appeals ("BIA") affirming the order of the Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We will deny the petition.

## I.

Because we write only for the parties, familiarity with the facts is presumed, and we recite only those facts that are relevant to our analysis.

Lukas, a citizen of Indonesia, is an ethnic Chinese Christian. He entered the United States on November 10, 1999 as a non-immigrant visitor for pleasure, authorized to stay until May 9, 2000. He did not leave by that date, and on June 10, 2003, removal proceedings were commenced. He subsequently applied for asylum, withholding of removal and relief under the CAT, claiming that he had been persecuted in Indonesia, and that he feared future persecution and torture should he return. His alleged past persecution consisted of being robbed while at school, suffering verbal insults, and "sometimes" having rocks thrown at him. (A.R. 113.)

A hearing was held before the IJ on August 4, 2005, and at the conclusion of the hearing, the IJ denied Lukas's application. The IJ denied the asylum claim as time-barred and on the merits, finding that Lukas had failed to establish either past persecution or a well-founded fear of future persecution. It denied the withholding and CAT claims on the merits, finding that Lukas failed to establish past persecution, a clear probability of future persecution, or that he was more likely than not to be tortured upon return.

On administrative appeal, the BIA adopted and affirmed the decision of the IJ. In his petition for review, Lukas challenges the denial of his withholding and CAT claims.[1]

## II.

We have jurisdiction to review the order of the BIA order pursuant to 8 U.S.C. § 1252. "Where the BIA has adopted the IJ's findings, we review those findings under the substantial evidence standard, upholding them 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Chukwu v. Attorney General*, 484 F.3d 185, 189 (3d Cir. 2007) (citations omitted).

## III.

The IJ found that the isolated instances of mistreatment described by Lukas did not rise to the level of persecution. We agree. "Persecution has been defined by the Third Circuit and the BIA 'to include threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom....'" *Myat Thu v. Attorney General*, 510 F.3d 405, 413 (3d Cir. 2007) (citation omitted). Lukas's experiences in Indonesia – being robbed, verbally insulted, and "sometimes" having rocks thrown at him – while deplorable, simply do not fit within that definition.

Nor did the IJ err in finding that Lukas failed to establish a clear probability of future persecution. First, because he did not establish past persecution, he was not

---

[1] Lukas has not challenged the denial of his asylum application, and therefore we need not consider it.

entitled to a presumption of future persecution. *Cf. Jarbough v. Attorney General*, 483 F.3d 184, 191 (3d Cir. 2007) ("A finding of past persecution raises a rebuttable presumption 'that the applicant's life or freedom would be threatened in the future....'") (citation omitted). Other than his past experiences, the only evidence presented by Lukas in support of a finding of future persecution were press accounts and Indonesia country reports from 2004 and 2005. According to Lukas, those documents reflect the widespread persecution of ethnic Chinese Christians in Indonesia, thus suggesting that he will be persecuted should he return. The IJ properly rejected that argument, relying largely on *Lie v. Ashcroft*, 396 F.3d 530 (3d Cir. 2005), in which we held that pre-2003 press accounts and country reports, standing alone, are insufficient to establish a pattern or practice of persecution in Indonesia. We recently reaffirmed our holding in *Lie*, and explained that its reasoning applied with equal force to the 2003 and 2004 State Department reports, and noting (albeit in *dicta*) that the 2005 to 2007 reports "document[s] similar or improved treatment of Chinese Christians in Indonesia." *See Wong v. Attorney General*, 539 F.3d 225, 234 (3d Cir. 2008). We agree with the IJ that Lukas failed to carry his burden of establishing a clear probability of future persecution.

Finally, the IJ correctly held that Lukas failed to establish that he would more likely than not be tortured should he return to Indonesia. "Torture is defined as...an act by which pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as" obtaining information or a confession, punishment, intimidation, or

4

coercion, when such pain and suffering is inflicted by a governmental actor or with the acquiescence of a governmental actor. *Kaita v. Attorney General*, 522 F.3d 288, 300 (3d Cir. 2008) (citation omitted). Lukas's past mistreatment simply did not rise to the level of torture, and he has failed to present credible evidence establishing that he would more likely than not be tortured upon returning to Indonesia.

**IV.**

We will deny the petition for review.